■ In the Matter of DAVID LORET, Petitioner, v GLENN S.
GOORD, as Commissioner of New York State Department of Cor-
rectional Services, Respondent. [832 NYS2d 717]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered October 11, 2006) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs, the petition is granted, and respondent is directed to expunge from petitioner's institutional record all references to the charges underlying the determination.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that he violated various inmate rules by, inter alia, conspiring to possess alcohol or intoxicants, conspiring to possess drugs, and engaging in inmate telephone abuse. Petitioner alleged, inter alia, that his due process rights were violated based on the fact that the misbehavior report was issued 21 months after the commission of the acts underlying the charges. He also alleged that his due process rights were violated because he was not afforded the opportunity to view photographs of the contraband and the package containing the contraband, nor was he afforded the opportunity to listen to an audiotape of his telephone conversations from the correctional facility.

7 NYCRR 251-3.1 (a) provides that "[e]very incident of inmate misbehavior involving danger to life, health, security or property must be reported, in writing, as soon as practicable." While significant events occurred during the 21-month period between the time of the acts underlying the charges and the date on which the misbehavior report was issued, i.e., petitioner was charged, tried and convicted of a previously unsolved murder and was sentenced to a term of imprisonment of 25 years to life, there was still an unexplained seven-month delay between the date of the murder conviction and the issuance of the misbehavior report. Respondent correctly concedes that the determination should be annulled but contends that a new hearing should be conducted based on the failure to afford petitioner the right to view the photographs and to listen to the audiotape. We conclude, however, that annulment is required without remittal for a new hearing, based on the lengthy and unexplained delay in the issuance of the misbehavior report, in violation of

petitioner's due process rights (*see Matter of Di Rose v New York State Dept. of Correctional Servs.*, 276 AD2d 842, 843 [2000], *appeal dismissed* 96 NY2d 850 [2001]). We therefore annul the determination, grant the petition, and direct respondent to expunge from petitioner's institutional record all references to the charges underlying the determination. Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.